UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,          No. 21-cr-20613

        Plaintiff,

v.                                                                    Hon. Nancy G. Edmunds

D-2 KEVIN WOMBLE,

        Defendant.

---

## UNITED STATES' MEMORANDUM IN AID OF SENTENCING

---

The United States submits this Memorandum in Aid of Sentencing pertaining to Defendant Kevin Womble ("Defendant" or "Womble"). Mr. Womble previously entered a guilty plea to one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349. The charges against Womble stem from his submission of falsified and fraudulent loan applications seeking certain COVID-19 pandemic relief funds. The United States requests that the Court: (1) find the applicable sentencing guidelines range to be 21 to 27 months; (2) impose a custodial sentence of 21 months; (3) impose a three-year term of supervised release; (4) enter an order of restitution in the amount of $102,391.37; and (5) enter

an order of forfeiture in accordance with the terms agreed to by the parties in the

Rule 11 Plea Agreement between Womble and the United States.

## I.     Factual Background

The Payroll Protection Program ("PPP") is a program administered by the

United States Small Business Administration ("SBA") designed to help businesses

keep their workforces employed during the coronavirus pandemic.  Enacted as part

of the CARES Act, PPP allows small businesses to obtain forgivable loans from

participating financial institutions.  The SBA will forgive the loans if all employees

are on payroll for eight weeks and the money is used for payroll, rent, mortgage

interest, or utilities.

The PPP loan application requires the applying business to acknowledge the

program rules and make certain affirmative certifications in order to be eligible to

obtain the PPP loan.  In the PPP loan application, the small business must state,

among other things, the following: (a) average monthly payroll expenses; and (b)

number of employees.  These figures are used to calculate the amount of money

the small business is eligible to receive under the PPP.  In addition, businesses

applying for a PPP loan must provide documentation showing their payroll

expenses.

The Economic Injury Disaster Loan ("EIDL") program is an SBA program

that provides low-interest financing to small businesses, renters, and homeowners

in regions affected by declared disasters.  The CARES Act authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.  In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL.  The amount of the advance is determined by the number of employees the applicant certifies having.  The advances do not have to be repaid.

Womble is the owner of Bless My Grind, LLC ("BMG") and also an associate of co-defendant, Antonio George ("George").  As the Court is aware, George is a tax preparer who submitted, and helped others submit, fraudulent PPP and EIDL loan applications.  In June 2020, Womble, with George's assistance, applied for a PPP loan on behalf of BMG for $195,383.  This application contained materially false information concerning the number of BMG employees and BMG's payroll information.  Womble was aware that the information on the application was false.  Nevertheless, he and George agreed to submit the application and the loan was successfully funded to Womble's bank account. Womble did not use the money for payroll, or any other proper expenses for BMG. Instead, the money was used for home renovations, funeral costs, and jewelry.

Thereafter, in July 2020, Womble submitted yet another fraudulent loan application, this time for an EIDL on behalf of BMG.  Again, with George's

assistance, Womble included falsified employee and revenue information on the EIDL application. The $150,000 loan was successfully funded into Womble's bank account. Again, Womble misappropriated the loan funds.

## II.   Procedural History

On September 24, 2021, a four-count Information was filed in the Eastern District of Michigan charging Womble, George and two others with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349. Womble appeared before United State Magistrate Judge Elizabeth A. Stafford on September 28, 2021, for his initial appearance and entered a plea of not guilty. On October 27, 2021, Womble appeared before this Court and entered a plea of guilty to Count One of the Information pursuant to the terms of a Rule 11 plea agreement.

## III.   Guidelines Calculation

The Rule 11 Plea Agreement between the United States and the Defendant calculated a total offense level of 19 for the Defendant. Probation calculated the same in the Pre-Sentence Investigation Report ("PSR"). The offense level was calculated as follows:

- Base offense level of 7 for Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1349 and 1343 (USSG § 2B1.1(a)(1))

- 12 points for loss greater than $250,000, but less than $550,000 (USSG § 2B1.1(b)(1)(H).

- 3 points removed for acceptance of responsibility pursuant to USSG §§ 3E1.1(a)-(b).

## IV. Sentencing Factors

The Court, in fashioning an appropriate sentence, must consider both the guidelines range and the other factors contained in 18 U.S.C. § 3553(a). However, just as there are factors the Court must consider, there are others that are not appropriate for consideration in fashioning an appropriate sentence. Factors that are impermissible for the Court's consideration include those "collateral consequences" that may be the result of a Defendant's prosecution and conviction. See *United States v. Musgrave*, 761 F.3d 602, 608 (6th Cir. 2014) citing *United States v. Peppel*, 707 F.3d 627, 635 (6th Cir. 2013). For example, in *Musgrave*, the Sixth Circuit found that it was impermissible for the sentencing court to vary downward from the guidelines range based upon certain collateral consequences of conviction, including the defendant's possible loss of his CPA license as well as the stain of a felony conviction. *Id*. The Sixth Circuit noted that permitting a sentencing court to vary downwards based on these sorts of concerns would tend to support unjustifiably shorter sentences for defendants from privileged backgrounds with more to lose in terms of professional accomplishments or shame before their community. *Id*. Those sentencing factors that are pertinent to the Defendant are discussed in detail below.

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant.**

**(A) Nature and circumstances of the offense**

In an effort to alleviate the impact of the COVID-19 pandemic on businesses, the government provided PPP and EIDL loans.  These were designed to get money into the hands of struggling businesses quickly and, particularly with respect to the PPP program, much of the "red tape" typically associated with such programs was removed.  The Defendant turned the features of these programs into an advantage and exploited the system.  And while Womble's actions may have been influenced by George, he knew that he was submitting false and fraudulent loan applications and he directly benefitted from the criminal proceeds.

**(B) The history and characteristics of the defendant**

The Defendant is 38-year-old man, who is in good health (see generally, PSR at ¶¶ 39-50).  Though Mr. Womble was raised by a single mother, his material needs were met.  Womble has also had a fairly stable employment history, currently earning over $12,000 per month.  As such, Womble's actions as they relate to the instant offense cannot be considered to have been motivated by a financial necessity.

The United States acknowledges that Womble has two young children. (PSR at ¶ 45).  However, it appears that Womble has a stable relationship with the mother of his two young children and that they have a suitable home environment.

As such, a term of imprisonment will not likely bring about tragic consequences for the children.

The United States also acknowledges that Womble's mother is a breast cancer survivor and that he participates in her ongoing care.  Additionally, Womble's older brother has cognitive and physical disabilities.  (PSR at ¶¶ 39-42).  However, despite her history with cancer, Womble's mother is apparently well enough to care for her disabled son.  Id.  Moreover,  Womble has an older brother who resides in nearby Ann Arbor who can presumably handle any family issues that may arise if the Defendant is sentenced to a term of incarceration.

**(2) The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (B) to afford adequate deterrence.**

**(A) Seriousness of the offense and just punishment**

Womble's sentence should provide just punishment that appropriately reflects the seriousness of the offense and the need to promote respect for the law.  As stated above, Womble's conduct was serious.   He knowingly exploited a crisis for personal financial gain.  Not only did this conduct defraud the taxpayers, but likely denied Covid-relief funds for other prospective businesses genuinely in need.

**(B) Deterrence**

The Government notes that Womble met with law enforcement and immediately accepted responsibility for his conduct.  In addition, while Womble does have some prior run-ins with the law, he has no history of engaging in the type of conduct giving rise to his offense in this case.

While specific deterrence is less of a concern here, this Court must still impose a sentence that addresses concerns of general deterrence.  See *Musgrave*, 761 F.3d at 609 (noting that Section 3553 requires the sentencing court to impose a sentence that affords both adequate specific ***and*** general deterrence).  There is a real need to send a message for this type of offense.  The Sixth Circuit has found, that because white collar crimes "are more rational, cool and calculated…these crimes are prime candidates for general deterrence." *Id*. citing *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006).  In a case involving COVID-19 relief fraud, it is important to put any would-be offenders on notice that such offenses will not go unpunished.  And while the PPP program is not currently in effect, it is all but certain that society will face other crises in the future that will require a similar response from the government.   These programs must be protected and sentences that reflect the need for general deterrence can be an important safeguard.

V.     **Restitution and Forfeiture Issues**

Pursuant to the terms of Womble's Rule 11 Plea Agreement with the United States, the parties agreed to restitution in the amount of $102,391.37.  This amount represents the outstanding loss to Kabbage, the online lender that funded BMG's PPP loan.

The parties also agreed, pursuant to the Rule 11 Plea Agreement, that the Defendant will forfeit $240,223.90 held in BMG's Fifth Third Bank account ending x6859, as well as a gold medallion valued at $10,000 which Womble purchased with proceeds of his crime.  The United States has been informed that Womble's attorney is currently in possession of this medallion.

## Conclusion

Based upon the considerations set forth above, the United States respectfully requests that this Court: (1) find the Defendant's Guidelines range to be 21-27 months; (2) impose a custodial sentence for a term of 21 months; (3) enter an order of restitution in the amount of $102,391.37 payable to "Kabbage"; (4) impose a three-year term of supervised release; and (5) enter an order of forfeiture as described in the Rule 11 Plea Agreement.

s/Patrick J. Suter
PATRICK J. SUTER
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Ave., N.W.
Washington, D.C.  20005
Phone: (202) 679-1430

Date:  August 18, 2022                          E-Mail: patrick.suter2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 18, 2022, I electronically filed the

foregoing document with the Clerk of the Court using the ECF system and

caused a copy of such filing to be served on counsel for Defendant.

s/Patrick J. Suter
PATRICK J. SUTER
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Ave., N.W.
Washington, D.C.  20005
Phone: (202) 679-1430

Date:  August 18, 2022                    E-Mail: patrick.suter2@usdoj.gov